

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MICHAEL HEDLUND, Individually and §
on behalf of all others similarly situated, §
 §
    Plaintiff, §
 §
v. §   CIVIL ACTION NO. 2:08-CV-45
 §
HOOTERS OF HOUSTON a/k/a TEXAS §
WINGS, INC., and HOOTERS OF §
AMERICA, INC., §
 §
    Defendants. §
 §

## MEMORANDUM OPINION

On April 7, 2008, Defendants filed a *Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) and Brief in Support Subject to the Court's Ruling on Defendants' Motion to Transfer Venue Under 28 U.S.C. §1404(a) and to Stay Proceedings.*[1] Plaintiff filed a response on April 21, 2008. Defendants filed a reply on May 5, 2008. Defendants' motion is DENIED.

## BACKGROUND

Plaintiff Michael Hedlund brings this suit on behalf of himself and other consumers similarly situated. Plaintiff alleges that Defendants violated the Fair and Accurate Credit Transaction Act ("FACTA") which is part of the Fair Credit and Reporting Act ("FCRA"). 15 U.S.C. §1681c(g) (2008). Plaintiff alleges that he received a credit card receipt from a Hooters Restaurant in Lubbock, Texas that contained the expiration date of his credit card. FACTA states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt

---

[1] The Court denied the Defendants' *Motion to Transfer Venue* on May 7, 2008.

provided to the cardholder at the point of the sale or transaction." *Id.* FACTA provides that if a person "willfully" does not comply with the law, they are liable to a consumer for "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000…" 15 U.S.C. §1681n(a)(1) (2008). In this case, Plaintiff does not claim any actual damages, but seeks the statutory damages provided for in FACTA.

Defendants make two arguments as to why Plaintiff's claims should be dismissed. Defendants first argue that the Court lacks subject matter jurisdiction over Plaintiff's claim because the Plaintiff lacks standing. Defendants then argue that Plaintiff has pled insufficient facts to allege an actionable willful FACTA violation.

## STANDARD FOR MOTIONS TO DISMISS

Defendants argue that the claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P 12(b)(6) (2007). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavour" and "rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing Wright & Miller, *Federal Practice and Procedure: Civil*, §1357 at 598 (1969). Courts must liberally construe the complaint in favour of the plaintiff, taking all of the facts pleaded as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986), *see also Dussouv v. Gulf Coast Investment Corp.*, 660 F.2d 594, 604 (5th Cir. 1981). A complaint will not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997), *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the Plaintiff's complaint must provide allegations that, if taken as true, "raise

a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

Defendants also argue that the Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Dooley v. Principi*, 2007 U.S. App. LEXIS 23711, *3 (5th Cir.), *citing Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).

## STANDING AND SUBJECT MATTER JURISDICTION

Defendants argue that the Court lacks subject matter jurisdiction over this case because the Plaintiff does not have standing. The defense of lack of subject matter jurisdiction may be asserted in a motion. FED. R. CIV. P. 12(b)(1) (2008). An Article III court only has jurisdiction over a case if the Plaintiff has standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

The requirement that a Plaintiff have standing is made up of three elements. First, the Plaintiff must have suffered an "injury in fact," which is an "invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal citations and quotation marks omitted). Second, there needs to be a causal connection between the injury the Plaintiff alleges and the conduct of the Defendant that the Plaintiff is challenging. *Id.* Finally, the injury must be likely fixed by a favorable decision. *Id.*

Defendants allege that Plaintiff lacks standing because he has suffered no actual injury as a result of the alleged violation of FACTA. Plaintiff does not lack constitutional standing. Article III's requirement of "actual or threatened injury" may "exist *solely* by virtue of 'statutes creating legal rights, the invasion of which creates standing…" *Warth v. Seldin*, 422 U.S. 490,

500 (1975), *citing Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n. 3 (1973) and *Sierra Club v. Morton*, 405 U.S. 727, 732 (1972) (emphasis added); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982). Even the case that Defendants refer to expressly recognizes that for standing purposes, "an invasion of a legally protected interest" is an "injury in fact." *Lujan*, 504 U.S. at 560. Congress can "expand the range or scope of injuries that are cognizable for purposes of Article III standing by enacting statutes which create legal rights." *Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1211 (10th Cir. 2006). Congress may create these rights, "the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S.*, 410 U.S. at 617, n. 3. Plaintiff's allegation that his legal right under FACTA was violated therefore creates standing.

Other courts have recognized that an alleged violation of FACTA is an allegation that confers standing. "Being handed a receipt that omits certain of one's credit card information is a legally protected interest created by FACTA." *Korman v. Walking Co.*, 503 F. Supp. 2d 755, 759 (E.D. Pa. 2007), *citing Ehrheart v. Lifetime Brands, Inc.*, 498 F. Supp. 2d 753 (E.D. Pa. 2007); *see also Miller v. Sunoco, Inc.*, 2008 U.S. Dist. LEXIS 16813, *5 (E.D. Pa). A person suffers an injury sufficient to confer standing when that legally protected interest is violated. *Id.*

Numerous district courts that have considered the issue have also found Plaintiffs to have standing in FACTA cases where no actual identity theft occurred. *See, e.g., Korman*, 503 F. Supp. 2d 755; *Miller*, 2008 U.S. Dist. LEXIS 16813 at *5; *Ramirez v. Midwest Airlines, Inc.*, 537 F. Supp. 2d 1161 (D. Kan. 2008), *Troy v. Home Run Inn, Inc.*, 2008 U.S. Dist. LEXIS 30038 (N.D. Ill.). This position is bolstered by the language of FACTA itself. The section of FACTA that allows for relief if the Plaintiff alleges a willful violation expressly permits both statutory and actual damages. 15 U.S.C. §1681n(a)(1)(A).

The cases that Defendants cite are not on point. Some of the cases Defendants cite deal with the exposure of personal information, but are not alleged statutory violations. *See, e.g., Bell v. Acxiom Corp.,* 2006 U.S. Dist. LEXIS 72477 (E.D. Ark.); *Key v. DSW, Inc.*, 454 F. Supp. Ed 684 (S.D. Ohio 2006); *Giordano v. Wachovia Securities, LLC*, 2006 U.S. Dist. LEXIS 52266 (D. N.J.); *DaimlerChrysler Corp. v. Inman*, 251 Tex. Sup. J. 422 (2008); *Guin v. Brazos Higher Ed. Serv. Corp.*, 2006 U.S. Dist. LEXIS 4846 (D. Minn.); *Forbes v. Wells Fargo Bank, N.A.*, 420 F. Supp. 2d 1018 (D. Minn. 2006). Other cases Defendants refer to deal with statutes that are distinguishable from FACTA. *See, e.g., Burdge v. Kerasotes Showplace Theatres, LLC*, 2006 Ohio 4560 (Ct. App. Ohio) (finding that statute in question specifically required plaintiff to have suffered actual harm; law did not provide for statutory damages); *Smith v. Chase Manhattan Bank*, 293 A.D.2d 598 (NY App. Div. 2002) (finding that the law required plaintiff to have suffered an injury). The Defendants do cite a case where the Central District of California found injury insufficiently pled and dismissed a case despite the statute seeming to not require proof of actual injury. *Native Am. Arts, Inc. v. Specialty Merchandise Corp.*, 451 F. Supp. 2d 1080 (C.D. Cal. 2006). Compared to the numerous district court decisions that have concluded the opposite with regards to FACTA violations, the Court finds this case unpersuasive.

## PLEADING REQUIREMENTS

Defendants argue that Plaintiff failed to plead an actionable "willful" FACTA violation. Defendants make this argument in two ways: First, they argue that the Plaintiff did not plead sufficient facts to show a "knowing or reckless disregard" of the law. Second, they argue that the requirements of §1681c(g) are so vague that a willful violation is not possible based only on including the expiration date of the credit card on a sales receipt.

Defendants first argue that Plaintiff did not plead sufficient facts to show a "willing" violation of FACTA. The Supreme Court has held that "willful", as used in the FCRA, includes a knowing or reckless disregard of the law. *Safeco Ins. Co. of America v. Burr*, 127 S. Ct. 2201, 2208 (2007). Plaintiffs have met their burden under Rule 12(b)(6). In the complaint, Plaintiffs allege sufficient facts that, if true, raise the right to relief above a speculative level. The Plaintiffs allege that although FACTA was enacted in December of 2003, retailers using older cash registers had three years to become compliant. They also allege that Hooters received information and actual notice about FACTA's requirements from credit card companies, companies selling cash registers and credit card processing devises, notice from the Federal Trade Commission, and a FACTA lawsuit filed against Hooters in August of 2007. Plaintiff also alleges that most of Hooters' peers in the restaurant business have been compliant with FACTA's requirements.

Numerous district courts to consider this issue have concluded that similar allegations of willfulness are sufficient to withstand a motion to dismiss. *See, e.g., Miller*, 2008 U.S. Dist. LEXIS 16813 at *6 (denying motion to dismiss when Plaintiff had alleged that Defendants had three years to comply, and was notified of need to comply by credit card companies); *Troy v. Home Run Inn, Inc.*, 2008 U.S. Dist. LEXIS 30038, *6 (N.D. Ill.) (denying motion to dismiss when Plaintiff had alleged Defendant had over three years to comply, was informed by credit card companies, statute's requirements were widely publicized, and Defendant's peers had complied); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226, 1233 (D. Nev. 2007) (denying motion to dismiss when Plaintiff alleged that Defendant had three years to comply, was informed of statute's requirements by credit card companies, and Defendant's peers had complied); *Erheart*, 498 F. Supp. 2d at 756 (denying motion to dismiss where Plaintiff had alleged that

Defendant was notified by credit card companies, companies selling cash registers and other devices for processing payments, and Defendant had three years to comply).

Plaintiff has clearly alleged sufficient facts that, if assumed to be true as must be done at this stage, show that the Defendants acted recklessly or knowingly in violating FACTA.

Defendant's second argument is that FACTA is so vague that the Defendant could not have willfully violated the statute. The language of FACTA says that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. §1681c(g). Defendant argues that FACTA could be interpreted to mean that it is a violation of the law to print the last five digits of the credit card number *and* the expiration date on a receipt. Defendant then urges this Court to review commentaries issued regarding FACTA, President Bush's fact sheet when he signed FACTA, and the legislative history of the statute. We decline to do so. Courts should "presume that a legislature says in a statute what it means and means in a statute what is says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461-62 (2002).

We join the numerous other courts who have found FACTA to be unambiguous, stating that printing the expiration date on a receipt is a violation of the law. *See, e.g., Korman*, 503 F. Supp. 2d at 760; *Lopez v. Gymboree Corp.*, 2007 U.S. Dist. LEXIS 44461, *3 (N.D. Cal.); *Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782 (N.D. Ill. 2007); *Blanco v. El Pollo Loco, Inc.*, 2007 U.S. Dist. LEXIS 31231 (C.D. Cal.); *Aeschbacher v. Cal. Pizza Kitchen, Inc.*, 2007 U.S. Dist. LEXIS 34852 (C.D. Cal.). As the Central District of California noted:

> Section 1681c(g)'s plain language makes it clear that the statute prohibits both the printing of more than the last five digits of the card number and the printing of the

expiration date. The 'or' simply puts merchants on notice that a violation of this statute occurs if they print either of these prohibited items—the expiration date or the last five digits of the card number.

*Pirian v. In-N-Out Burgers*, 2007 U.S. Dist. LEXIS 25384, *3 (C.D. Cal.). "The disjunctive 'or' means 'or,' not 'and.'" *Korman*, 503 F. Supp. 2d at 760. Defendants' argument that FACTA is so ambiguous as to prevent Plaintiff from alleging a willful violation is unpersuasive.

## CONCLUSION

Defendants' motion to dismiss is DENIED.

It is SO ORDERED.

Signed this 13th day of May, 2008.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**